UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROBERT SIMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17-CV-2501 CAS |
| ) | |
| ENERGY PETROLEUM CO. and ) | |
| STEVEN J. MADRAS, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER OF REMAND**

This removed matter is before the Court on plaintiff Robert Simpson's Motion to Remand. Defendants Energy Petroleum Co. and Steven J. Madras (collectively "defendants") oppose the motion and it is fully briefed. For the following reasons, the Court concludes it lacks subject matter jurisdiction over this case and therefore must remand the case to the state court from which it was removed.

**I. Background**

Plaintiff filed suit in the Circuit Court of St. Louis County, State of Missouri, on August 10, 2016, asserting a single claim of age discrimination in violation of the Missouri Human Rights Act. The parties litigated the case in state court for over a year. On September 27, 2017, plaintiff filed a Third Amended Petition to add Count II, a state wage and hour claim, and Count III, a federal wage and hour claim.

On September 29, 2017, defendants removed the action to this Court pursuant to 28 U.S.C. §§ 1331 and 1441, asserting that plaintiff's federal wage and hour claims in Count III arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 210, et seq., and therefore federal question jurisdiction is present. Defendants' Notice of Removal states that it is "accompanied by written

Notice to Plaintiff, and a written Notice to Clerk of Removal filed with the Clerk of the Circuit Court of St. Louis County, Missouri, on this date, all as required by 28 U.S.C. § 1446(d)." Notice of Removal at 3, ¶ 8. Defendants' Notice to Plaintiff of Removal was filed on September 29, 2017 (Doc. 2). Defendants' Notice to Clerk of Removal was filed October 5, 2017, and bears an acknowledgment showing it was received by the Circuit Court of St. Louis County on October 5, 2017 (Doc. 13 at 1).

On October 2, 2017, plaintiff obtained an order from the Circuit Court of St. Louis County dismissing the FLSA claim, Count III. See Ex. B to Mot. to Remand (Doc. 11-2). Plaintiff then filed the instant motion to remand, asserting that the case must be remanded because "[w]ithout Count III there is no federal question in this case." Mot. to Remand at 1.

Defendants oppose the motion to remand, asserting that (1) Count III remains pending, as the state court lost jurisdiction of this matter upon the filing of defendants' Notice of Removal on September 29, 2017, and (2) Count II of the Third Amended Petition, plaintiff's state wage and hour claim under Missouri Revised Statutes § 290.505 (2010), confers federal question jurisdiction because it implicates federal issues. Defendants contend that plaintiff must dismiss both Counts II and III to remove all federal issues from the case.

Plaintiff then filed a voluntary dismissal of Count III of his Third Amended Petition in this Court on October 11, 2017, pursuant to Federal Rule of Civil Procedure 41.[1] Plaintiff asserts in his Reply memorandum that no claim invoking a federal question remains pending and this matter should be remanded to state court. Subsequently, on October 26, 2017, plaintiff filed a motion to

---

[1]Plaintiff's Voluntary Dismissal did not specify the subsection of Rule 41 pursuant to which it was filed.

convert his voluntary dismiss to a motion to amend the petition/complaint pursuant to Rule 15(a) or in the alternative for leave to amend to eliminate Count III.

**II. Discussion**

    A.  <u>Plaintiff's Dismissal of Count III in State Court was Effective</u>

Plaintiff obtained a state court order dismissing the FLSA claim, Count III, after defendants filed a Notice of Removal in this Court but prior to the state court's receipt of defendants' Notice to Clerk of Removal. Defendants contend that plaintiff's dismissal of Count III is void because the state court lost jurisdiction upon the filing of the Notice of Removal in federal court. Defendants' argument is incorrect.

Removal is effected by a three-step process that requires (1) filing of a notice of removal, (2) written notice of the filing to all adverse parties, and (3) filing of a copy of the notice of removal with the state court where the case was originally filed. 28 U.S.C. § 1446(d). As to the final step, the statute expressly states: "[The defendant] shall file a copy of the notice with the clerk of such State court, *which shall effect the removal* and the State court shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d) (emphasis added). The Eighth Circuit has held that the "only rule that logically follows from 28 U.S.C. § 1446(d) is that removal is effected when the notice of removal is filed with the state court and at no other time." <u>Anthony v. Runyon</u>, 76 F.3d 210, 214 (8th Cir. 1996).

In <u>Anthony</u>, Eighth Circuit addressed whether a district court should consider an amended petition that was filed in state court after the defendant filed a notice of removal in federal court, but before the defendant filed a copy of the notice of removal with the state court. <u>Id.</u> at 213. The Eighth Circuit held that the district court should have considered the amended petition, which was

3

valid because "removal is effected when the notice of removal is filed with the state court[.]" Id. at 214.

Anthony controls here. Under its holding, the Circuit Court of St. Louis County retained jurisdiction of the case and removal was not effected until the notice of removal was filed in state court. Orders entered by the state court in the interim between filing the notice of removal and filing the notice with the clerk in state court are valid. 16 Moore's Federal Practice § 107.140[2][b]; see Anthony, 76 F.3d at 214; see also Rural Media Group, Inc. v. Performance One Media, LLC, 2010 WL 273979, at *2 (D. Neb. Jan. 13, 2010) (temporary restraining order issued by state court was valid where it was entered after notice of removal was filed in federal court but before notice of removal was filed in state court). "Once the notice of removal has been effectively filed *in both courts*, the federal court takes the case in the posture in which it departed the state court, treating everything done in the state court as if it had been done in federal court." Holmes v. AC & S, Inc., 388 F.Supp.2d 663, 667 (E.D. Va. 2004) (emphasis added).

Here, plaintiff obtained an order from the state court dismissing his federal FLSA claim on October 2, 2017, three days before that court received the notice of removal. The state court had jurisdiction at that time and the dismissal of Count III was valid. See Anthony, 76 F.3d at 214. Consequently, as of the effective date of removal, October 5, 2017, plaintiff's Third Amended Petition asserts only the state law claims in Counts I and II.[2]

---

[2]If Count III had been pending at the time of removal, plaintiff's filing of a notice of voluntary dismissal as to that count was procedurally improper. A "plaintiff wishing to eliminate particular claims or issues from [an] action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." 8 James Wm. Moore, et al., Moore's Federal Practice § 41.21[2] (3d ed. 2016). Rule 41(a) only permits the voluntary dismissal of an action, or all of the claims against a particular defendant, as opposed to dismissal of fewer than all of the claim against any particular defendant. Id. § 41.21[1] (citing cases). Plaintiff's subsequent motion to convert his notice of voluntary dismissal to a motion to amend his complaint under Rule 15(a) will be denied as moot.

The Court must therefore determine whether plaintiff's state law wage and hour claim in Count II provides a basis for federal jurisdiction over this case.

B.  Plaintiff's State Law Wage and Hour Claim Does Not Raise a Federal Question

1. *Legal Standard*

Defendants, as the parties invoking federal jurisdiction, bear the burden of proving that all prerequisites to jurisdiction are satisfied. Green v. Ameritrade, Inc., 279 F.3d 590, 596 (8th Cir. 2002). Removal statutes are strictly construed, In re Business Men's Assurance Co. of America, 992 F.2d 181, 183 (8th Cir. 1993), and any doubts about the propriety of removal are to be resolved in favor of remand. Central Ia. Power Coop. v. Midwest Indep. Transmission Sys. Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009). While a defendant has a statutory right to remove in certain situations, the plaintiff is still the master of his own claim. See Caterpillar Inc. v. Williams, 482 U.S. 386, 391 & n.7 (1987); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing"; consequently, "uncertainties are resolved in favor of remand.")

In most instances, the presence or absence of a federal question is governed by the well-pleaded complaint rule "which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. "Congress has long since decided that federal defenses do not provide a basis for removal." Id. at 399. "Thus, a case may not be removed to federal court on the basis of a federal defense, . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Rivet v. Regions Bank of Louisiana, 522 U.S. 470, 475 (1998) (internal quotation marks and quoted case omitted).

5

2. *Discussion*

Defendants assert that plaintiff's state law wage and hour claim under Mo. Rev. Stat. § 290.505 confers federal question jurisdiction because it implicates significant federal issues under Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing, 545 U.S.308 (2005). Defendants contend that resolution of the claim turns on questions of federal law because the statutory language of § 290.505 refers to federal minimum wage and overtime requirements and provides that it shall be interpreted in accordance with the federal FLSA and Portal to Portal Act. Defendants do not offer any legal authority in support, apart from a general citation to Grable. Plaintiff responds that no federal question appears on the face of his petition and therefore it is not properly removable even if federal law were to provide a defense, citing Caterpillar, 482 U.S. at 393.

The "mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 813 (1986); see also Gully v. First Nat'l Bank, 299 U.S. 109 (1936) ("Not every question of federal law emerging in a suit is proof that a federal law is the basis of the suit."). There is a variety of federal jurisdiction known as "arising under" jurisdiction, under which "in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues." Grable, 545 U.S. at 312. "The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues[.]" Id. The critical "question is, does a state-law claim necessarily raise a stated federal issue, *actually disputed and substantial*, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." Grable, 545 U.S. at 314 (emphasis added).

Grable was a quiet title action in which Grable sued Darue to recover real property that the IRS seized to satisfy Grable's federal tax deficiency and then sold to Darue. Grable's quiet title suit specifically asserted that the IRS's seizure of the property was invalid because it failed to provide Grable with notice as required by a federal statute. Grable, 545 U.S. at 310-11. The Supreme Court held the case was properly removed from state court based on federal question jurisdiction, even though the petition only asserted a state law claim: Whether Grable given notice under the federal statute was an essential element of its quiet title claim, the meaning of the federal statute was actually in dispute, and that dispute was "the only legal or factual issue contested in the case." Id. at 315. The Supreme Court stated that the meaning of a federal tax law "is an important issue of federal law that sensibly belongs in a federal court," and noted the federal government's "strong interest in the prompt and certain collection of delinquent taxes." Id. Finally, the Court determined that federal jurisdiction was "consistent with congressional judgment about the sound division of labor between state and federal courts governing the application of § 1331," id. at 314-15, because only rare state title cases would raise a contested matter of federal law, and thus federal jurisdiction over such cases would "portend only a microscopic effect on the federal-state division of labor." Id. at 315.

The Supreme Court subsequently explained that Grable occupies a "special and small category" of cases permitting removal where federal question jurisdiction is predicated on the centrality of a federal issue, and "emphasized that it takes more than a federal element 'to open the 'arising under' door." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 699 & n.5, 701 (2006) (quoting Grable, 545 U.S. at 313). It was central to Grable's holding that the federal question at issue was "substantial" and a "nearly 'pure issue of law,'" and that its resolution was "both dispositive of the case and would be controlling in numerous other cases." Empire, 547 U.S.

at 700 (quoting Grable, 545 U.S. at 313).  Thus, the small category described by Grable is limited to cases where (1) a state law claim "necessarily raise[s] a stated federal issue," (2) the federal issue is "actually disputed," (3) the federal issue is "substantial," and (4) a "federal forum may entertain" the state law claim "without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable, 545 U.S. at 314.

Here, defendants contend that plaintiff's state law claim presents a federal question because the Missouri wage and hour statute includes references to standards set forth in the federal FLSA and Portal to Portal Act.  Defendants assert that plaintiff's claim "requires the Court to interpret and resolve issues of federal law . . . because it is impossible to determine whether an employer is in compliance with Section 290.505 without determining whether an employer is in compliance with the FLSA."  Mem. Opp. Mot. to Remand at 5.

Defendants' argument is unpersuasive.  The statutory reference does not give rise to a "stated" or "substantial" federal issue that would permit the exercise of federal question jurisdiction. See Grable, 545 U.S. at 314.  The "mere need to apply federal law in a state-law claim will [not necessarily] suffice to open the 'arising under' door."  Grable, 545 U.S. at 313; see also Merrell Dow, 478 U.S. at 807 (internal citation omitted) ("Although the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action, we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power."). The "fact that part of the state statutory scheme requires some analysis of federal law . . . is insufficient to invoke federal jurisdiction."  Hill v. Martson, 13 F.3d 1548, 1550 (11th Cir. 1994). See, e.g., Mobil Oil Corp. v. Coastal Petroleum Co., 671 F.2d 419, 426 (11th Cir. 1982) (no federal question jurisdiction where a state "set[s] up" federal law "as a criterion by which to decide a state law question"); Till v. Unifirst Fed. Sav. & Loan Ass'n, 653 F.2d 152, 155 n.2 (5th Cir. 1981) (no

8

federal question "if the relief sought is based entirely upon a state cause of action in which regulations established by a federal statute are used merely as further evidence of the right to recover under state law").

This Court has previously held that the Missouri wage and hour statute's reference to federal law does not raise "substantial questions of federal law" sufficient to establish federal question jurisdiction. Bowler v. AlliedBarton Sec. Servs., LLC, 123 F.Supp.3d 1152, 1156-57 (E.D. Mo. 2015) (reference to FLSA in § 290.505 does not "federalize[] causes of action asserting violations" of the statute). The Missouri legislature chose to refer to federal law for guidance as to what are, ultimately, state law rights and principles.[3] No substantial federal question is created as a result. Grable, 545 U.S. at 313; Bowler, 123 F.Supp.3d at 1156-57. Cf. Isaac v. Metropolitan Life Ins. Co., 2010 WL 11512168, at *3-4 (M.D. Fla. July 21, 2010) (remanding case; minimum wage claim under Florida constitution did not present a federal question although case law, administrative interpretations, and other standards developed under the FLSA were to guide construction of the constitution's minimum wage provision); Corre v. Steltenkamp, 2006 WL 2385352, at *4 (E.D. Ky. Aug. 16, 2006) (remanding case; state law breach of contract claim asserting defendants failed to pay minimum wages or overtime did not present a substantial federal question even though Kentucky's overtime law expressly called for wage and hour regulation under standards consistent with federal standards).

---

[3]Further, reference to federal standards is required only where Missouri statutes do not provide independent standards. The Missouri wage and hour statute is to be interpreted in accordance with the FLSA and Portal to Portal Act, "[e]xcept as may otherwise be provided under sections 290.500 to 290.530." § 290.505.4, Mo. Rev. Stat. The record does not indicate whether or how the provisions of Sections 290.500 to 290.530, Mo. Rev. Stat., differ from the federal statutes referenced in § 290.505.

Plaintiff's state law wage and hour claim does not meet the Grable four-part test. The claim involves the actions of private defendants, not a federal actor, and requires a fact-specific inquiry into the terms of plaintiff's employment and defendants' conduct. The claim does not give rise to a stated or substantial federal issue because of the state statute's reference to federal standards. The resolution of plaintiff's claim would not be controlling in numerous other cases, nor does it present a "nearly pure issue of law, one that could be settled once and for all and thereafter would govern numerous [similar] cases." Empire, 547 U.S. at 700 (internal quotation marks omitted).

In sum, plaintiff's Missouri wage and hour claim does not arise under federal law. The case was not properly removed on the basis of a federal question.

**III. Conclusion**

For the foregoing reasons, the Court concludes that (1) plaintiff's federal Fair Labor Standards Act claim was dismissed prior to this case's removal to federal court, and (2) defendants have failed to meet their burden to prove that all prerequisites to jurisdiction are satisfied, as they have not established that plaintiff's Missouri wage and hour claim arises under federal law. As a result, the Court lacks subject matter jurisdiction over this case and it must be remanded to the state court from which it was removed. See 28 U.S.C. § 1447(c).

Plaintiff's motion to convert his notice of voluntary dismissal of Count III to a motion to amend his complaint will be denied as moot. Defendants' motion to dismiss plaintiff's Third Amended Petition remains pending for resolution by the state court following remand.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to remand is **GRANTED**.  [Doc. 11]

**IT IS FURTHER ORDERED** that plaintiff's motion to convert his notice of voluntary dismissal to a motion to amend complaint is **DENIED as moot**.  [Doc. 21]

**IT IS FURTHER ORDERED** that this case is **REMANDED** to the Circuit Court of St. Louis County, State of Missouri, for lack of subject matter jurisdiction.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  31st  day of October, 2017.